Justice PLEICONES.
I concur in part and dissent in part. I agree with the majority’s holding that DOR’s response to Sloan’s document request failed to comply with the requirement of FOIA.[6] I further agree that Sloan’s action for declaratory relief was rendered moot when DOR produced the requested information.
I dissent from that portion of the majority’s decision as mandates an award of attorney’s fees and costs to Sloan upon remand. The award of fees and costs to the prevailing person or entity in a suit brought pursuant to section 30-4-100(a) is entrusted to the discretion of the trial court. S.C.Code Ann. § 30-4-100(b) (2007) (“If a person or entity seeking such relief *557 prevails, he or it may be awarded reasonable attorney fees and other costs of litigation.”) (emphasis supplied). The trial court in this case declined to exercise its discretion in regard to an award of fees and costs. Therefore, I would remand this case to circuit court where the parties should be permitted to present the full panoply of considerations germane to an award of fees and costs.
HEARN, J., concurs.

. I share in the majority’s concern over the burden placed on public bodies to make a final determination within fifteen days. See S.C.Code Ann. § 30-4-30(c) (2007). I note that our version of FOIA, unlike the Federal Act, does not allow an agency to extend its determination of a FOIA request where that request is especially burdensome or voluminous. See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii).